■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v RALPH H. PERRY, Defendant.—Application for writ of habeas corpus denied. Mahoney,P. J., Sweeney, Staley, Jr., Mikoll and Herlihy, JJ., concur.

■ In the Matter of JACOB L. WILDOVE for Reinstatement as an Attorney and Counselor at Law.—Application for reinstatement granted and petitioner, Jacob L. Wildove, reinstated as an attorney and counselor at law effective January 1, 1980. Mahoney, P. J., Sweeney, Staley, Jr., and Herlihy, JJ., concur.

## (December 28, 1979)

■ In the Matter of ROBERT J. SHEA, Petitioner, v ROBERT H. KUHLMANN, as Superintendent of Woodbourne Correctional Facility, Respondent. —Application for writ of habeas corpus denied on ground petitioner's papers fail to demonstrate that his present incarceration is illegal (see former Penal Law, § 70.30, subd 3). Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.

■ NOCONDA LE GRAND, Petitioner, v WALTER T. FOGG, as Warden of Naponach Correctional Facility, et al., Respondents.—Applications for writ of habeas corpus, release on bail pending appeal and for relief pursuant to CPLR article 78 denied. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.

## FOURTH DEPARTMENT, DECEMBER, 1979

## (December 7, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MERRILL CONFER, Appellant.—Judgment unanimously affirmed. Memorandum: The limited use permitted defense counsel of the police report in this case when he sought to examine prior written statements of the prosecution witnesses for purposes of cross-examination was an error under *People v Rosario* (9 NY2d 286). We find, however, that there is no reasonable possibility that this error might have contributed to the conviction and that it was, therefore, harmless beyond a reasonable doubt *(Chapman v California,* 386 US 18; *People v Crimmins,* 36 NY2d 230, 237). (Appeal from judgment of Onondaga County Court—burglary, third degree, etc.) Present—Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.